**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30281 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00083-RMP-1 |
| v. | |
| JASON C. BROWN, | MEMORANDUM[*] and ORDER |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30287 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00021-RMP-25 |
| v. | |
| JASON C. BROWN, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 3, 2018[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Jason Brown appeals his conviction and sentence for conspiracy to obstruct justice by retaliation against a witness.[1]  Because the parties are familiar with the facts, we do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

## Conviction

Substantial evidence supports the jury's guilty verdict.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Brown acknowledges that at his earlier trial for conspiracy to distribute controlled substances, he wrongfully obtained sealed trial exhibits revealing the identity and expected testimony of an anonymous cooperator.  At the trial for conspiracy to obstruct justice, the Government presented evidence that Brown learned the cooperator's identity, harbored ill-will toward the cooperator, reproduced the information, and disseminated information on the cooperator to associates, including to his alleged co-conspirator.  Brown's alleged co-conspirator confirmed that he had received and disseminated the information.  The Government's gang expert testified at length about Brown's and his alleged co-conspirator's gang membership, contextualized their communications, and identified the risk they posed to the cooperator.  A rational

---

[1] Brown withdrew his appeal in Case No. 16-30287.  That appeal is **DISMISSED**.  Brown also withdrew his argument that he received ineffective assistance of counsel, so we do not address that issue.

2

factfinder could have inferred from this circumstantial evidence that Brown and his alleged co-conspirator agreed to retaliate against the cooperator and took at least one overt act—most evidently, reproducing and disseminating the cooperator's information—to that end.

The district court did not abuse its discretion by permitting testimony from the Government's gang expert under Federal Rules of Evidence 403 and 702. *See United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir. 2000). The expert's knowledge and experience qualified him to testify, his testimony stuck to matters within his expertise and personal knowledge, and the topics he covered were directly relevant to core factual issues.

Even assuming that Brown preserved his constructive amendment argument and reviewing the issue de novo, *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014), the Government did not constructively amend the indictment to assert that possession alone constitutes an overt act. The Government did not clearly identify possession as a standalone overt act when, in commencing its closing argument, it listed acts that included possession and then made passing reference to "these . . . overt acts." The Government later listed and expounded on the overt acts in a manner faithful to the indictment. At most, the earlier reference was loose language, and it did not amount to an effective amendment of the indictment.

<u>Sentence</u>

We also affirm the district court's decision at sentencing to group the distribution and obstruction of justice offenses. Where, as here, the defendant is convicted of both an obstruction offense and "the underlying offense (<u>i.e.,</u> the offense that is the object of the obstruction)," the Sentencing Guidelines point to Section 3D1.2(c). U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2J1.2 cmt. n.3 (U.S. Sentencing Comm'n 2014). Section 3D1.2 directs the court to group counts "[w]hen one of the counts embodies conduct that is treated as a[n] . . . adjustment to[] the guideline applicable to another of the counts," *id.* § 3D1.2(c), and the offenses are "closely related," *id.* § 3D1.2 cmt. n.5.

The district court applied an upward adjustment because Brown's obstruction of justice targeted the "investigation, prosecution, or sentencing" of the distribution charge and was closely related to the distribution offense. *Id.* § 3C1.1. The court did not clearly err in finding that Brown took the evidence during the distribution trial, before reaching a plea agreement and before sentencing. *See United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008) (factual findings at sentencing are reviewed for clear error). Based on these findings, the prosecution was ongoing and the sentencing had not occurred when the obstruction began. U.S.S.G. § 3C1.1. The obstruction and distribution offenses were also closely related, in that Brown obstructed justice by targeting a witness in his ongoing

4

distribution prosecution. *See id.* § 3D1.2 cmt. n.5. The district court acted within

its discretion in applying the obstruction enhancement and grouping the offenses.

**AFFIRMED.**